IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Francis G. Smith,             )<br>    Plaintiff,        )<br> v.                 )<br>                   )<br>Financial Industry Regulatory Authority, Inc., )<br>    Defendant.      )<br>                   ) | **Case No. 1:25-cv-00447-JEB** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

FINRA submits two recent decisions that persuasively demonstrate why Plaintiff is not entitled to a temporary restraining order.

*First*, Judge Friedrich denied a similar motion for a temporary restraining order in *Lukezic v. FINRA*, No. 1:25-cv-623 (D.D.C. Mar. 7, 2025) (attached as Ex. 1). The plaintiff in *Lukezic* is an individual associated with a FINRA member firm who sought to restrain FINRA disciplinary proceedings on constitutional grounds. Ex. 1 at 1-2. The *Lukezic* court denied relief for reasons that "begin and end with the lack of irreparable injury." *Id.* at 2. The plaintiff "ha[d] not shown that any sanctions will [be] irreversible, nor ha[d] he shown that the contemplated [FINRA disciplinary] hearing is a genuine emergency justifying immediate intervention." *Id.* Here, Plaintiff similarly "fails to show that there is any urgency or immediacy to his claims" of future injury. D.E. 14 at 31.

*Second*, the District of Utah dismissed constitutional challenges to private clearing agencies that, like FINRA, are securities self-regulatory organizations. *Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp.*, 2025 WL 901847 (D. Utah Mar. 25, 2025) (attached as Ex. 2). As relevant, the court held that it did "not have subject matter jurisdiction over" a Fifth Amendment challenge to these self-regulatory organizations' proceedings under *Thunder Basin Coal Co. v. Reich*, 510 U.S.

200 (1994), because the challenge was unlike the "structural constitutional" claims in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023). *Id.* at *5. The same is true of Plaintiff's Fifth Amendment challenge here. *See* D.E. 14 at 13-18.

On the merits, the court dismissed the plaintiff's structural constitutional claims because it "fail[ed] to adequately allege that Defendants are a government entity" under the test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995). *Alpine*, 2025 WL 901847, at *6. Here, the same is true of FINRA, furnishing alternative grounds to deny relief. D.E. 14 at 18-23.

Dated:   March 28, 2025                              Respectfully submitted,

/s/ Amir C. Tayrani
Amir C. Tayrani, DC Bar No. 490994
Alex Gesch, DC Bar No. 1012422
Max E. Schulman, DC Bar No. 1660490
Amalia Reiss, DC Bar No. 241775
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
T: (202) 887-3692
F: (202) 530-9645
ATayrani@gibsondunn.com
AGesch@gibsondunn.com
MSchulman@gibsondunn.com
AReiss@gibsondunn.com

*Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*